UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIBBA MUNJY,<br><br>             Plaintiff,<br><br>      v.<br><br>DESTINATION XL GROUP, INC;<br>CASUAL MALE STORE, LLC; and<br>DOES 1 through 50,<br><br>             Defendants. | No.  1:14-cv-1557-TLN-SKO<br><br>**ORDER** |

The matter is before the Court on Plaintiff Hibba Munjy's ("Plaintiff") motion to remand this action to Fresno County Superior Court.  (ECF No. 5.)  Defendants Destination XL Group, Inc. ("XL Group") and Casual Male Store, LLC ("Casual Male") (collectively "Defendants") have opposed the motion.  (ECF No. 12.)   For the reasons discussed below, the motion to remand is GRANTED.

**I. <u>Background</u>**

On July 30, 2014, Plaintiff filed a complaint in Fresno County Superior Court.  (*See* ECF No. 1-1 ¶ 1.)  The complaint brought six claims stemming from alleged incidents of sexual harassment and discrimination, which occurred while Plaintiff was attending a training session in Atlanta, Georgia.  The complaint named the removing Defendants here – XL Group and Casual

1

Male – but also Leo Hampton ("Hampton"), Plaintiff's supervisor while she was in Atlanta. (ECF Nos. 1-1, 1–2.)

On September 29, 2014, Hampton filed a motion to quash service of summons and complaint (the "motion to quash") in the state court, challenging the court's jurisdiction over him. Hampton asserted in that motion that the alleged offense conduct occurred in Atlanta; he lacked sufficient contacts with California; and he was served with the summons and complaint at his place of work in Atlanta. (ECF No. 1-3.) *See* Cal. Code Civ. Proc. § 418.10 (providing that a defendant "may serve and file a notice of motion … [t]o quash service of summons on the ground of lack of jurisdiction of the court over him or her.")

On October 3, 2014, subsequent to Hampton's filing the motion to quash, but prior to the state court's ruling on it, XL Group and Casual Male – without Hampton – removed the case to this Court, on the basis of diversity. (ECF No. 1.)

On October 22, 2014, Plaintiff then filed the instant motion to remand in this Court, arguing that Hampton, as one of the named Defendants in the complaint, had not joined in the removal motion. (ECF No. 5.) *See* 28 U.S.C. §1446(b)(2)(A) ("…all defendants who have been properly joined and served must join in or consent to the removal of the action.")

On November 5, 2014, while the remand motion was pending before this Court, the state court held a hearing on the motion to quash, and then adopted its prior tentative ruling that, because the case had been removed, the court lacked jurisdiction to decide the motion to quash. The court therefore refrained from deciding the motion to quash. The state court also opined that Defendants' removal functioned to bring Hampton's pending motion to quash before this Court. (Decl. of Henry Sanchez, ECF No. 12-1, Ex. A.)

The immediate issue before the Court, thus, is Plaintiff's remand motion, premised on the fact that one of the named Defendants in the complaint, Hampton, did not join in removal. Removing Defendants here – XL Group and Casual Male – have filed an opposition to the remand motion, arguing that Hampton's absence is explained. (ECF No. 12.)

Also before the Court is the question of what to do with Hampton's motion to quash, which Defendants assert should be decided by this Court. Accordingly, Defendants argue the

2

merits of Hampton's motion to quash in their opposition, and further argue that this Court should decide the motion based on California law. (ECF No. 12.) Defendants have also filed an amended declaration from Hampton, signed and dated on November 25, 2014, in support of Hampton's motion to quash. (ECF No. 21.) Plaintiff's position is that the motion to quash is not pending before this Court, and given that, Plaintiff moves to strike Hampton's declaration. (ECF No. 22.)

## II. Applicable law: removal

A defendant in state court has the right to remove the case to federal court if the case could have been filed originally in federal court (i.e. on federal diversity or federal question grounds). 28 U.S.C. § 1441(a). The Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979).

Plaintiff seeks remand under 28 U.S.C. § 1446(a)(2)(A), the removal "unanimity requirement," which provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Further, all defendants must join in removal within 30 days after service of process of the initial pleading. 28 U.S.C. § 1446(b)(1). *See Destfino v. Reiswig,* 630 F.3d 952, 957 (9th Cir. 2011) (adopting the "later served" rule, such that "each defendant is entitled to thirty days to exercise his removal rights after being served.")

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999.)

## III. Analysis

First, the Court does not locate anywhere within the filings where Hampton has joined in removal. Hampton clearly did not join in Defendants' removal motion on October 3, 2014. Even if the Court were to construe Hampton's current position to be that he consents to removal, Hampton still would not meet the statutory requirement for joining in or consenting to removal

3

within 30 days after service of process. 28 U.S.C. § 1446(b)(1); *Destfino* 630 F.3d at 957. Defendants note: "A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Soliman v. Philip Morris, Inc.* 311 F.3d 966, 971 (9th Cir. 2002). Courts, including *Soliman*, have applied this principle to permit the late joinder of a defendant to the removal notice. *See Destfino*, 630 F.3d at 956-57; *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). But the Court views the facts here to be: 1) after removal to this Court occurred, Defendants still took the position in state court that the motion to quash was pending before it; 2) Defendants argued that motion in state court; 3) after the state court declined to rule on the basis that it lacked jurisdiction once removal occurred, 28 U.S.C. § 1446(d), Defendants took the position that this Court should hear the motion. (*See* Decl. of Counsel for Plaintiff, 19-1.) Defendants provide no authority for this position. Thus, the Court finds the unanimity requirement, 28 U.S.C. § 1446(a)(2)(A), has not been satisfied.

Next, Defendants argue that Hampton was not properly served, thus exempting him from the unanimity requirement.[1] (ECF No. 12 at 2.) Under the California statute governing service, Cal. Civ. Proc. Code § 413.10(b), a summons shall be served on a person in another state, "as provided [under California law] or as prescribed by the law of the place where the person is served." According to Defendants, Hampton was served with the summons and complaint in Atlanta. (ECF No. 12 at 3.) In Hampton's declaration in support of the motion to quash, filed in state court, he agrees he "was personally served with a copy of the Summons and Complaint in this action at [his] place of work in Atlanta, Georgia." (ECF No. 1-3 at 41.) Defendants provide no further reason to think service was improper under California or Georgia state laws. *Destfino* involved, among other defects in service, two defendants who were served at the wrong address. Hence their joinder was excused. *Destfino,* 630 F.3d at 957. But that type of defect is not alleged here.

Defendants also argue the merits of whether California's state court could exercise

---

[1] Differently, Defendants assert that Hampton's challenge to the sufficiency of service – regardless of whether service was proper – exempts him from joining in removal. Defendants do not provide authority for that position. In any event, Defendants do not show service was improper.

jurisdiction over Hampton – that is, the merits of Hampton's motion to quash – but do not support their position that an ultimate finding of lack of jurisdiction means service, in the first place, was improper. Whether the California state court could exercise jurisdiction has not been decided. Plaintiff opposed the motion to quash in state court; the motion to quash was not ruled on; and Plaintiff continues to oppose the motion to quash.[2]

Defendants also argue that Hampton could not join in removal without waiving his objection to personal jurisdiction. Defendants cite *Fireman's Fund Ins. Co. v. Sparks Const., Inc.,* 114 Cal. App. 4th 1135, 1145 (2004) (finding that "Once the[] [defendants] filed answers … they became subject to the trial court's personal jurisdiction and lost their right to quash the service." But in that case, defendants subjected themselves to the court's jurisdiction because they filed answers responding to the merits of the complaint; furthermore, those answers did not contest jurisdiction, and the defendants did not, at the time they brought answers, also move to quash service of summons. *Id.* at 1141. Defendants here do not support their position that joining in removal waives their objection to personal jurisdiction. Rather, "the standard rule appears to be that a defendant does not waive jurisdictional challenges by removing a case to federal court." *Naxos Resources (U.S.A) Ltd. v. Southam Inc.,* 1996 WL 662451 (C.D. Cal. 1996). *See Nationwide Engineering & Control Systems v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) ("[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction."); *Allen v. Ferguson*, 791 F.2d 611, 614 (7th Cir. 1986).

For the reasons discussed, Defendants have not adequately explained Hampton's absence from their removal motion. *Prize,* 167 F.3d at 1266.

**IV. Attorney's fees**

On granting a motion for remand, the Court may order Defendants to pay Plaintiff "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

---

[2] Plaintiff's argument, whether tenable or not, is that Hampton is subject to jurisdiction in California because Hampton harassed Plaintiff via phone calls and text messages, directed toward Plaintiff when she returned to California. (ECF No. 19 at 5.)

removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 133 (2005). Defendants' position – which was to oppose Hampton's joinder in removal, and then to request that this Court rule on Hampton's motion – is objectively unreasonable. Defendants' handling of this matter, furthermore, which was to simultaneously pursue litigation in state and federal court despite the clear rule that, following removal, "the State court shall proceed no further unless and until the case is remanded," 28 U.S.C. § 1446(d), caused Plaintiff to incur unnecessary fees.

Plaintiff seeks attorney's fees in the amount of $3,125.00. (ECF No. 19-1.) The Court has reviewed and considered Plaintiff's breakdown of expenses, and finds an amount of $1500.00 is appropriate.

## V. Order

- Plaintiff's motion to strike (ECF No. 22) Defendant's addendum in support of motion to quash is GRANTED.
- Plaintiff's motion to remand (ECF No. 5) is GRANTED. The case is hereby remanded to the Fresno County Superior Court.
- Attorney's fees in the amount of $1500.00 are awarded to Plaintiff.

Dated: March 6, 2015

Troy L. Nunley
United States District Judge